**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLY ELLSWORTH-GLASMAN, | No. 17-35447 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05699-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted July 13, 2018[**]
Seattle, Washington

Before: CLIFTON and NGUYEN, Circuit Judges, and BATTAGLIA,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Anthony J. Battaglia, United States District Judge for
the Southern District of California, sitting by designation.

Kimberly Ellsworth-Glasman appeals the district court's decision affirming the denial of her application for disability insurance benefits under Title II of the Social Security Act.

1.     An error is harmless when, considering the record as a whole, the error did not affect the ALJ's ultimate disability determination. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). A decision of the ALJ will not be reversed for errors that are harmless. *Id.* at 1111. If there was any error by the ALJ regarding Glasman's amended disability onset date, it was harmless. It is true that the ALJ referenced records dated prior to January 29, 2009 in her evaluation, but those record could still have been relevant to the reliability of Glasman's description of her condition and treatment. Moreover, the ALJ also cited numerous reports that pertained directly to the amended time period. Given that the ALJ considered activities that occurred after January 29, 2009, the ALJ's error did not affect her ultimate nondisability determination. *See Molina*, 674 F.3d at 1115.

2.     The ALJ did not err by giving little weight to the opinions of Glasman's treating physician, Dr. Smith, and examining physician, Dr. Neims. If the ALJ rejects a treating or examining physician's opinion that is contradicted by another doctor, she must provide specific, legitimate reasons based on substantial evidence in the record. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th

Cir. 2009). The ALJ discounted the opinions of Dr. Smith because they were inconsistent with her treatment notes, contemporaneous examinations, and Glasman's self-reported activities. Additionally, the ALJ designated little weight to the opinions of Dr. Neims because they were inconsistent with Dr. Smith's treatment notes and relied heavily on Glasman's self-reported symptoms. Accordingly, the ALJ provided specific, legitimate reasons, based on substantial evidence to discount the opinions of Drs. Smith and Neims.

3. The ALJ did not err in assessing Glasman's pain testimony. When a claimant presents objective evidence of an underlying impairment, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ discounted Glasman's testimony concerning the intensity, persistence, and limiting effects of her pain symptoms because: 1) her self-reported engagement in activities far exceeded her residual functional capacity, and 2) her subjective complaints were inconsistent with the medical record. Thus, the ALJ provided clear and convincing reasons for rejecting Glasman's testimony regarding her pain symptoms.

4. The ALJ did not err in evaluating the lay evidence. If the ALJ discounts lay witness testimony, the ALJ must give reasons germane to each witness. *Molina*, 674 F.3d at 1114. First, the ALJ asserted that Glasman's friend downplayed Glasman's participation in exercise class after comparing her statement to Glasman's own testimony about the class. Second, the ALJ found that Glasman's husband reported his wife performing daily household activities that were inconsistent with her claim of disability. Thus, the ALJ gave reasons germane to discounting the statements of both witnesses.

5. The ALJ did not err in assessing Glasman's residual functional capacity (RFC). Given that the ALJ already found the opinions of Drs. Smith and Neims, Glasman's testimony, and the lay witnesses' reports to be inconsistent with the evidence in the record, the ALJ was not required to conduct a function-by-function RFC analysis based on these limitations. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**